PER CURIAM.
This is an appeal from an order denying default judgment in a replevin action. The record reflects that appellant, plaintiff below, is permitted, as an inmate at Florida State Prison, to receive a special Christmas package containing certain perishable foods once yearly. On December 22, 1979, appellant received a Christmas card from his nephew inquiring as to whether appellant enjoyed the candies that were enclosed within his Christmas package. Appellant, having never received a Christmas package, immediately requested inmate counsellor DeSue to make an effort to locate appellant’s package. DeSue contacted the property room officer and inquired as to whether any package to Mr. Damyn had been received. The property room officer assured DeSue that appellant’s Christmas package had not yet arrived at the Florida State Prison. DeSue relayed this information to appellant. Appellant then requested his family to place a tracer on the package.
On January 7, 1980, the property room officer told appellant that some Christmas packages were being stored in the Administration Building awaiting Superintendent Strickland’s authorization prior to delivery. Appellant then sent a letter to Mr. Strickland requesting his assistance in determining whether or not appellant’s Christmas package was among those packages being held in the Administration Building. Appellant received no response to this letter. Sometime thereafter appellant received a copy of the United Parcel Service Shipper Tracer form. That form indicated that one package weighing eleven pounds, containing cookies and candies valued at $20.00, was delivered to P. O. Box 747, Starke, Florida (the address of Florida State Prison) on December 21, 1979. The UPS delivery record showed that J. Richardson signed as having received the package. On January 18,1980, appellant wrote a second letter to Superintendent Strickland in an attempt to obtain his Christmas package. Again, no response was received.
On January 31, 1980, appellant filed a formal complaint in County Court to recover his Christmas package. Oil February 6, 1980, the court issued an order to the appel-lee, defendant below, to show cause at a hearing on February 19, 1980, why the *599 property described in the complaint should not be delivered to the appellant. On February 19, 1980, the appellee did not appear at the hearing either personally or by counsel. Appellant orally moved the court for a judgment of default. The court denied said motion and reviewed appellant’s evidence. Appellant entered into evidence the UPS Shipper Tracer containing the signature of the state employee who received the Christmas package. Appellant also introduced into evidence the two letters appellant had written to appellee in his attempt to obtain his Christmas package. On February 28, 1980, the court ordered the writ of replevin should not issue.
On March 6, 1980, appellant filed a motion for default judgment or in the alternative a motion for appointment of counsel. That motion was denied on March 12, 1980. This appeal followed.
The notice of appeal was timely filed in the Circuit Court. It adequately identified the order to be reviewed. However, the notice inappropriately designated the First District Court of Appeal as the reviewing court. This court does not have jurisdiction to review a final order directly reviewable by a Circuit Court. Fla.R.App.P. 9.030(b)(1)(A). Therefore, pursuant to Rule 9.040(b), Florida Rules of Appellate Procedure, we transfer this cause to the Circuit Court, Eighth Judicial Circuit for appellate review.
We regret that this proceeding, already nine months on appeal, will be further delayed by the transfer of this cause to Circuit Court. However, we are confident that an expeditious resolution will be forthcoming.
ERVIN, SHAW and WENTWORTH, JJ., concur.